# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| RHONDA H.,[1] | : Case No. 3:22-cv-00074 |
| Plaintiff, | : |
| | : Magistrate Judge Caroline H. Gentry |
| vs. | : (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

## DECISION AND ORDER

Plaintiff filed an application for Disability Insurance Benefits in May 2019. Plaintiff's claim was denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. For the reasons set forth below, this Court AFFIRMS the Commissioner's decision.

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

I.  BACKGROUND

Plaintiff asserts that she has been under a disability since May 30, 2018. At that time, she was fifty-seven years old. Accordingly, Plaintiff was considered a "person of advanced age" under Social Security Regulations. *See* 20 C.F.R. § 404.1563(e). Prior to the date the ALJ issued the decision, Plaintiff turned age sixty and changed age categories to a person who is "closely approaching retirement age." *Id.* Plaintiff has a "high school education and above." *See* 20 C.F.R. § 404.1564(b)(4).

The evidence in the Administrative Record ("AR," ECF No. 8) is summarized in the ALJ's decision (*id.*, PageID 38-51), Plaintiff's Statement of Errors ("SE," ECF No. 9), the Commissioner's Memorandum in Opposition ("Mem. In Opp.," ECF No. 11), and Plaintiff's Reply Memorandum ("Reply," ECF No. 12). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

II. STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ

are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted). This standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). Thus, the Court may be required to affirm the ALJ's decision even if substantial evidence in the record supports the opposite conclusion. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

### III. FACTS

#### A. The ALJ's Factual Findings

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

> Step 1: Plaintiff has not engaged in substantial gainful activity since May 30, 2018, the alleged onset date.
>
> Step 2: She has the severe impairments of disorders of the spine status post cervical and lumbar surgeries, disorders of the left shoulder, and obesity.
>
> Step 3: She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> Step 4: Her residual functional capacity (RFC), or the most she can do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276

4

> F.3d 235, 239 (6th Cir. 2002), consists of light work as defined in 20 CFR § 404.1567(a), subject to the following limitations: stand and/or walk for no more than four hours in an eight-hour workday; sit for six hours in an eight-hour workday; occasionally push and/or pull foot controls with her left lower extremity due to post-operative weakness; occasionally climb ramps or stairs but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, or crawl; avoid all exposure to unprotected heights and hazardous machinery; and occasionally reach overhead with the non-dominant left upper extremity.
>
> She is capable of performing past relevant work as an accounts payable representative and doctor's office receptionist, as the jobs are generally performed and as Plaintiff actually performed them.

(AR, ECF No. 8-2, PageID 41-51.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.*, PageID 51.)

### B. Symptom Severity

The ALJ explained the applicable legal standard for evaluating Plaintiff's symptoms when determining the RFC, as follows:

> In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p. The undersigned also considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 404.1520c.
>
> In considering [Plaintiff's] symptoms, the undersigned must follow a two-step process in which it must first be determined whether there is an underlying medically determinable physical or mental impairment(s)—i.e., an impairment(s) that can be shown by medically acceptable clinical or laboratory diagnostic techniques—that could reasonably be expected to produce [Plaintiff's] pain or other symptoms.
>
> Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce [Plaintiff's] pain or other symptoms has

5

> been shown, the undersigned must evaluate the intensity, persistence, and limiting effects of [Plaintiff's] symptoms to determine the extent to which they limit [Plaintiff's] work-related activities. For this purpose, whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the undersigned must consider other evidence in the record to determine if [Plaintiff's] symptoms limit the ability to do work-related activities.

(AR, ECF No. 8-2, PageID 44.)

The ALJ then summarized Plaintiff's symptoms and other subjective complaints that she alleged in the pre-hearing case brief and at the hearing. (AR, ECF No. 8-2, PageID 44-45.) She acknowledged Plaintiff's complaints in her summary of the medical evidence, and compared these complaints to the balance of the objective evidence. (*Id.*, PageID 46-49.) The ALJ concluded:

> After careful consideration of the evidence, the undersigned finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(*Id.*, PageID 47.)

### C.  VE Testimony

The vocational expert (VE) testified that a hypothetical individual with the ALJ's RFC for a reduced range of light work would be able to perform Plaintiff's past relevant work as an accounts payable representative and doctor's office receptionist, both as the jobs are generally performed and as Plaintiff actually performed them. (AR, ECF No. 8-2, PageID 76-77.) In response to an additional hypothetical posed by Plaintiff's representative, the VE further testified than an individual who is limited to unskilled

6

work would be unable to perform Plaintiff's past relevant work. (*Id.*, PageID 79.) The VE explained that such a limitation would preclude Plaintiff's past relevant work because the jobs (i.e., accounts payable representative and doctor's office receptionist) are semi-skilled and skilled. (*Id.*)

## IV. LAW AND ANALYSIS

Plaintiff asserts that the ALJ reversibly erred in evaluating her symptom severity. (SE, ECF No. 9, PageID 1119). She specifically challenges the ALJ's consideration of Plaintiff's chronic pain, insomnia, and fatigue complaints. She also asserts that the ALJ should have considered her strong work history. (*Id.*, PageID 1119-22.) Plaintiff therefore contends that she is unable to perform her skilled and semi-skilled past relevant work. (*Id.*) For the reasons discussed below, these contentions are not well-taken.

### A. The ALJ Did Not Reversibly Err In Evaluating Plaintiff's Symptom Severity

As the ALJ correctly noted, a Social Security regulation governs the evaluation of Plaintiff's symptoms. 20 C.F.R. § 404.1529. Further, when a claimant alleges symptoms of disabling severity, the Social Security Administration requires ALJs to use a two-step process for evaluating an individual's symptoms. SSR 16-3p, 2017 WL 5180304, *3 (revised and republished Oct. 25, 2017).[2]

At the first step, the ALJ must "determine whether the individual has a medically determinable impairment that could reasonably be expected to produce the individual's

---

[2] Although SSRs do not have the same force and effect as statutes or regulations, they are binding on all components of the Social Security Administration. 20 C.F.R. § 402.35(b)(1).

7

alleged symptoms." SSR 16-3p at *3. The ALJ must make this determination based upon objective medical evidence in the form of medical signs or laboratory findings. *Id*. Medical signs are "anatomical, physiological, or psychological abnormalities established by medically acceptable clinical diagnostic techniques that can be observed apart from an individual's symptoms." *Id*. The ALJ will not, however, consider whether the objective medical evidence supports the alleged severity of the individual's symptoms. *Id*.

At the second step, the ALJ must "evaluate the intensity and persistence of an individual's symptoms … and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities." SSR 16-3p at *9. The Social Security Administration "recognize[s] that some individuals may experience symptoms differently and may be limited by symptoms to a greater or lesser extent than other individuals with the same medical impairments, the same objective medical evidence, and the same non-medical evidence." *Id*. The ALJ must therefore examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id*.

When evaluating the intensity, persistence and limiting effects of the claimant's alleged symptoms, the ALJ must consider the following factors:

1. Daily activities;
2. The location, duration, frequency, and intensity of pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;

8

4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p at *7-8; *cf.* 20 C.F.R. § 404.1529(c)(3). The ALJ need only discuss those factors that are pertinent based upon the evidence in the record. *Id.* The ALJ's discussion of the applicable factors "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* at *10.

Here, the ALJ complied with the two-step process required by 20 C.F.R. § 404.1529 and SSR 16-3p. Specifically, the ALJ determined that Plaintiff has medically determinable impairments (disorders of the spine status post cervical and lumbar surgeries, disorders of the left shoulder, obesity, hypertension, diabetes mellitus, residuals of granulomatous disease, and depressive disorder) that could reasonably cause some of the alleged symptoms. (AR, ECF No. 8-2, PageID 41, 47.) The ALJ then considered the evidence in the record and found that Plaintiff's statements about the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence of record. (*Id.*, PageID 47.)

9

Plaintiff challenges the ALJ's findings at the second step of the analysis, arguing that the medical evidence "supports [Plaintiff's] chronic pain, fatigue, and insomnia complaints." (SE, ECF No. 9, PageID 1120.) However, because substantial evidence supports the ALJ's conclusion, the Court must affirm the ALJ's decision.

The ALJ provided a detailed summary of Plaintiff's subjective complaints as set forth in the prehearing case brief and the hearing testimony. (AR, ECF No. 8-2, PageID 44-45, 48.) She noted that Plaintiff complained of back and neck pain, bilateral hip pain, left leg numbness, and left shoulder pain that caused difficulty with bending, prolonged sitting, rotation, using her left arm and fingers, and daily activities. (*Id.*) The ALJ acknowledged that Plaintiff reported other pain-related symptoms such as sleep difficulty, low energy, fatigue, memory issues, decreased concentration, and irritability. (*Id.*) The ALJ also acknowledged that Plaintiff reported similar complaints to her medical providers on several occasions. (*Id.*, PageID 46-48.) The ALJ cited Plaintiff's history of musculoskeletal issues, as evidenced by MRI reports, remote cervical and lumbar spine surgeries, a lumbar fusion surgery in October 2018, a revision surgery in June 2019, and a few post-operative physical therapy visits. (*Id.*) She referred to records that documented decreased sensation, left leg numbness, moderate postural deficits, decreased lumbar range of motion, pelvic mal-alignment, and difficulty with heel-toe walking, walking long distances, and prolonged sitting and standing. (*Id.*)

The ALJ compared this evidence to post-lumbar surgery records that showed decreased left thigh numbness, improved left leg strength, normal right leg strength, full motor strength, and a normal gait. (AR, ECF No. 8-2, PageID 46-48.) The ALJ cited

Plaintiff's testimony that the cervical fusion surgery—which occurred prior to the alleged disability onset date—had been "effective in relieving her pain and symptoms." (*Id.*, PageID 48.) As for Plaintiff's left shoulder complaints, the ALJ acknowledged that an MRI revealed biceps tenosynovitis but otherwise showed only mild supraspinatus tendinosis, no tearing, and mild acromioclavicular degenerative joint disease. (*Id.*, PageID 47-49.) She noted that examinations showed full range of motion of the shoulder with no tenderness to palpation. (*Id.*) The ALJ also explained that Plaintiff's diabetes had responded well to medication and that Plaintiff's obesity was borderline to mild and had been considered in the RFC. (*Id.*)

The ALJ concluded that the balance of the evidence did not support Plaintiff's allegations of symptom severity. (AR, ECF No. 8-2, PageID 47.) The ALJ accounted for the preponderance of the evidence by limiting Plaintiff to the reduced range of light work set forth in the RFC. (*Id.*, PageID 44.) The Court finds that the ALJ's conclusions are supported by substantial evidence and therefore must be affirmed.

Plaintiff contends that "the ALJ reversibly erred by conducting a mere cursory, superficial evaluation of [her] chronic pain, fatigue, and insomnia stemming from several surgeries over the years and multiple chronic impairments." (SE, ECF No. 9, PageID 1119.) But it is well established that this Court must give great weight and deference to an ALJ's credibility assessment.[3] *Workman v. Comm'r of Soc. Sec.*, 105 Fed. App'x 794,

---

[3] The current term used for evaluating subjective complaints is "consistency" instead of "credibility." *See Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119 n.1 (6th Cir. 2016) (SSR 16-3p, 2017 WL 5180304 (Mar. 16, 2016, revised and republished Oct. 25, 2017) removed the term "credibility" only to "clarify that subjective symptom evaluation is not an examination of an individual's character.").

801 (6th Cir. 2004). An ALJ's credibility findings "are virtually unchallengeable" absent compelling reasons. *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013). No such reason exists here.

Contrary to Plaintiff's contention, the ALJ provided a detailed and reasoned evaluation of Plaintiff's pain and other symptoms. As discussed above, the ALJ acknowledged Plaintiff's subjective complaints, evaluated the objective evidence, compared these complaints to the evidence, and included limitations in the RFC to account for the balance of the evidence. The ALJ cited Plaintiff's pain complaints when she summarized the representative's pre-hearing brief, Plaintiff's testimony, and Plaintiff's visits to medical providers. (AR, ECF No. 8-2, PageID 44-47.) The ALJ then compared Plaintiff's pain complaints to the medical evidence and Plaintiff's treatment in the "Consistency and Supportability" section of the RFC analysis. (*Id.*, PageID 47-49.) The ALJ's analysis of Plaintiff's complaints of pain complied with the governing legal framework and her conclusions are supported by substantial evidence.

The ALJ also addressed Plaintiff's allegations of low energy and fatigue and concluded that these complaints were "not well supported by the record overall with exams unremarkable in those areas." (AR, ECF No. 8-2, PageID 49.) This conclusion is supported by substantial evidence. Although Plaintiff reported that she was "easily fatigued" during the consultative psychological evaluation in June 2019 (AR, ECF No. 8-7, PageID 502), numerous other records show no significant or consistent complaints of fatigue to medical providers. (*See, e.g.,* AR, ECF No. 8-7, PageID 334, 337, 342, 344, 349, 353, 358; ECF No. 8-8, PageID 726, 731, 734-35, 1038, 1040.)

12

Plaintiff also challenges the ALJ's analysis of Plaintiff's insomnia complaints: "[I]t appears that the ALJ hardly even mentioned [Plaintiff's] chronic insomnia in the decision, if at all." (SE, ECF No. 9, PageID 1120.) This argument essentially asserts that the ALJ should have identified each and every alleged symptom individually, discussed the alleged severity of each symptom individually, and made an individual credibility determination regarding each alleged symptom. Plaintiff cites no authority for such a requirement. The Sixth Circuit has held only that the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Wilson v. Comm'r of Soc. Sec.*, 618 F. App'x 281, 286 (6th Cir. 2015). There is no requirement that an ALJ specifically analyze each and every symptom in the decision. Indeed, courts in this district have disagreed with Plaintiff's assertion. *See, e.g., Kohler v. Colvin*, No. 3:14-cv-00163, 2015 WL 3743285, at *5 (S.D. Ohio June 15, 2015) (Ovington, M.J.) ("The ALJ was not required to accept as true every symptom [the plaintiff] reported and provide a corresponding limitation in the [RFC] assessment to account for it."), *report and recommendation adopted*, 2015 WL 4214469 (S.D. Ohio July 10, 2015) (Rose, D.J.); *Dickey-Williams v. Comm'r of Soc. Sec.*, 975 F. Supp. 2d 792, 807 (E.D. Mich. 2013) ("As long as the final decision incorporates all of the claimant's impairments—and here, the ALJ stated she did consider all of [the claimant's] 'subjective symptoms and complaints'—the fact an ALJ did not specifically state every piece of evidence or every symptom is not an error."); *Chandler v. Comm'r of*

13

*Soc. Sec.*, No. 2:13-CV-324, 2014 WL 2988433, at *11 (S.D. Ohio July 1, 2014) (Kemp, M.J.) ("[T]he fact an ALJ did not specifically state every piece of evidence or every symptom is not an error.")

In this case, the ALJ complied with the applicable regulations and rulings and governing case law. The ALJ acknowledged that Plaintiff had complained of insomnia and sleep difficulties, and stated that she considered "all [of Plaintiff's] symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" pursuant to 20 C.F.R. § 404.1529 and SSR 16-3p. (AR, ECF No. 8-2, PageID 44.) The ALJ's Step 2 and RFC analyses incorporate all of Plaintiff's impairments, and the ALJ's detailed evaluation of Plaintiff's symptom severity comports with SSR 16-3p and is supported by substantial evidence.

Additionally, Plaintiff has not established any compelling reason to challenge the ALJ's credibility findings in this regard. *Ritchie*, 540 F. App'x at 511. Plaintiff cited just two physical therapy visit notes, dated in July and September of 2019, that document complaints of difficulty sleeping due to pain. (SE, ECF No. 9, PageID 1120-21, citing AR, ECF No. 8-9, PageID 1099-1101, 1105-08.) But Plaintiff described her sleep as "adequate" during the consultative psychological evaluation in June 2019. (AR, ECF No. 8-7, PageID 502.) Numerous other records document no significant or consistent complaints of sleep issues to Plaintiff's medical providers. (*See, e.g.,* AR, ECF No. 8-7, PageID 334, 337, 342, 344, 349, 353, 358; ECF No. 8-8, PageID 726, 731, 734-35, 1038, 1040.) Plaintiff therefore has not provided a compelling reason to overturn the ALJ's

credibility assessment. For all of these reasons, the fact that the ALJ did not specifically evaluate Plaintiff's insomnia is not an error.

Plaintiff further asserts that her "strong work history dating back many years . . . should weigh in favor of giving weight to her symptom severity complaints." (SE, ECF No. 9, PageID 1122.) This argument challenges the ALJ's assessment of Plaintiff's credibility. But as discussed above, this Court must give great weight and deference to an ALJ's credibility assessment. *Workman*, 105 Fed. App'x at 801; *Ritchie*, 540 Fed. App'x at 511. Moreover, the Sixth Circuit has considered the argument raised by Plaintiff and has held that ALJs are "***not*** required to explicitly discuss [a claimant's] work history when assessing his credibility." *Dutkiewicz v. Comm'r of Soc. Sec.*, 663 F. App'x 430, 433 (6th Cir. 2016) (emphasis added). Thus, Plaintiff has not identified any compelling reason to disturb the ALJ's credibility assessment.

For all these reasons, the ALJ's evaluation of Plaintiff's symptom severity is consistent with applicable legal requirements, and her conclusions are supported by substantial evidence.

### B. The ALJ Did Not Reversibly Err In Finding That Plaintiff Can Perform Her Past Relevant Work

An ALJ "is only required to include in the [RFC] those limitations he finds credible and supported by the record." *Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 170 (6th Cir. 2020) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)). Simply posing a hypothetical question to the VE does not result in a finding about a claimant's RFC or bind the ALJ where the medical record does not

15

support the inclusion of such limitations. *Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 170 (6th Cir. 2020) (citing *Kessans v. Comm'r of Soc. Sec.*, 768 F. App'x 531, 536 (6th Cir. 2019)). Thus, if an ALJ asks the VE about a hypothetical person with particular limitations, the VE's answer does not necessarily bind the ALJ.

Plaintiff argues that she is unable to perform her skilled and semi-skilled past relevant work. This argument presumes that the ALJ's RFC should have included a limitation for unskilled work. Yet for the reasons discussed above, the ALJ complied with SSR 16-3p to evaluate Plaintiff's symptoms, and her conclusions in this regard are supported by substantial evidence. Plaintiff did not challenge the ALJ's evaluation of the objective evidence or the opinion evidence. Therefore the ALJ's RFC—which did not include a restriction to unskilled work—is supported by substantial evidence. The portion of the VE's testimony that related to unskilled work is not relevant to the ALJ's decision and the ALJ was not bound to consider it.

A disability claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512. The burden is on a claimant to furnish medical and other evidence about her impairments and the effects of her impairments on the ability to work. *Id.* Here, Plaintiff has not shown that the ALJ erred by failing to include an additional restriction in the RFC for unskilled work. Plaintiff has not shown that the evidence before the ALJ required the inclusion of greater limitations than those found by the ALJ. Nor has Plaintiff shown that the ALJ erred when she failed to rely on VE testimony that did not accurately reflect Plaintiff's functional limitations. In

16

sum, because Plaintiff has not met her burden of proving that the ALJ's decision is unsupported by substantial evidence, that decision cannot be overturned by this Court.

## VI. CONCLUSION

The ALJ's evaluation of Plaintiff's symptom severity is consistent with applicable legal requirements, and her conclusions are supported by substantial evidence. Plaintiff did not identify any compelling reason to disturb the ALJ's credibility assessment. The ALJ also did not err by failing to include a restriction for unskilled work based upon the VE's response to a hypothetical question. The Commissioner's decision must therefore be affirmed.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (ECF No. 9) is OVERRULED;

2. The Court AFFIRMS the Commissioner's non-disability determination; and

3. The case is terminated on the Court's docket.

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge